704 F.2d 139
 10 Ed. Law Rep. 103
 Bertell OLLMAN, Appellant,
v.
John S. TOLL, President, University of Maryland (in his
official and personal capacities); and The Board of Regents
of the University of Maryland; and Wilson H. Elkins, Former
President, University of Maryland, Appellees.
 No. 81-1907.
 United States Court of Appeals,
Fourth Circuit.
 Argued Jan. 12, 1983.
Decided April 6, 1983.
 
 David Bonderman, Washington, D.C. (Richard S. Ewing, Gerald L. Hawkins, Arnold & Porter, Washington, D.C., Andrew Jay Graham, Kramon & Graham, P.A., Baltimore, Md., on brief), for appellant.
 Paul F. Strain, Deputy Atty. Gen., Baltimore, Md. (Stephen H. Sachs, Atty. Gen. of Md., Diana G. Motz, Asst. Atty. Gen., Susan B. Blum, Asst. Atty. Gen., Baltimore, Md., on brief), for appellees.
 Before PHILLIPS and ERVIN, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Bertell Ollman is a political scientist and, with regard to his personal political views, a Marxist. In 1978, he was offered the position of chairperson of the department of government and politics at the University of Maryland at College Park, subject to approval by the university's president. The president, John S. Toll, ultimately disallowed Ollman's appointment, and Ollman brought this action under 42 U.S.C. Secs. 1983, 1985(c), and 1986, alleging that he was denied the position because of his political beliefs in violation of his fourteenth amendment privilege of free expression.
 
 
 2
 After a bench trial in which extensive evidence was introduced, the district court found that defendants Toll, Wilson H. Elkins (Toll's predecessor), and the university Board of Regents, were not motivated by an improper animus against Ollman or his Marxist opinions. The court also found that Toll's disapproval of Ollman's appointment was based on legitimate academic considerations which would have led him to the same decision even if Ollman had not been a Marxist, and that in making his decision Toll did not succumb to the considerable public pressure brought to bear on the university by those opposed to Ollman's appointment. 518 F.Supp. 1196 (D.Md.1981).[1]
 
 
 3
 These findings are not clearly erroneous and support the district court's conclusion that Ollman failed to prove any infringement on his constitutional right.[2] Ollman's challenge on appeal to several evidentiary rulings of the district court is similarly without merit.
 
 The judgment of the district court is
 
 4
 AFFIRMED.
 
 
 
 [1]
 We agree with Ollman that a different set of findings could have been made on the written record before us. Cf. Cooper v. Ross, 472 F.Supp. 802 (E.D.Ark.1979) (despite university's proffer of legitimate reasons for failure to renew appointment of professor with leftist political opinions, the court found as a fact that the university was swayed by public controversy over professor's employment). However, where, as here, the crucial question of intent depends in large part on the credibility of the witnesses' oral testimony, the appellant shoulders a heavy burden in challenging the district court's findings. The opinion of the court below reflects an admirably thorough analysis of the evidence, and a correct application of the test of causation laid down for such cases in Mt. Healthy City Board of Education v. Doyle, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977)
 
 
 [2]
 Because we discern no infirmity in the district court's factual finding that none of the defendants were impermissibly motivated, we need not reach Ollman's challenge to the district court's legal conclusions that Elkins and the Regents could not in any event be liable, and that Ollman failed to state a cause of action under sections 1985(c) and 1986